The opinion of the Court was delivered hy

Mr; Justice Huger.

In this case, it is contended that, in addition to the general issue apparent on the record, the plea of plene administravit was understood between the parties, to have been filed: and that therefore the judgment ought to be set aside. Of* this understanding there is no other evidence than the averment on oath of one of the attornies employed in the original suit; and. this is denied by the Plaintiff in the action. If the judgments of this Court are to be set aside thus informally, it is difficult to foresee to what lengths the Court may not be carried, or when pleadings in any case are to be regarded as complete. The rules of Court require all pleas to be. regularly filed. The 6th rule declares, that no plea of plene administravit shall be admitted in any action against an Executor or Administrator, unless the Defendant pleading such plea, do file with the same, in the Clerk’s office, a full and particular account of his administration, upon oath, with an office copy of the inventory and appraisement of the estate; and in this case no account, inventory or appraisement has been filed.
The Court is therefore now called upon to disregard these rules, and to open a judgment, on the ground that the plea -of plene administravit had been orally pleaded; and which ought to have been noticed in the judgment. I am unwilling to countenance so great an innovation; although I cannot doubt the statement made by the respectable counsel whose affidavit has been submitted in this case. It must be apparent to all, how painful would be the duty of the Court, if it were obliged to decide between contradictory assertions or affidavits of respec *9 table members of tbe bar, as to the pleas that were understood by each to have been filed, in their respective cases. To avoid this, the pleas must be regularly filed, and no agreement, not In writing, can be regarded by the Court as binding, unless the parties consent thereto.
The motion is dismissed. —
Johnson, Mott, Richardson^ Colcoclc, Justices concurred.